382 So.2d 1347 (1980)
LA POINTE OUTDOOR ADVERTISING, Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. 78-459.
District Court of Appeal of Florida, Fourth District.
April 30, 1980.
Robert D. Korner, Coral Cables, for appellant.
Margaret-Ray Kemper, App. Atty., Philip S. Bennett, Trial Atty., and H. Reynolds Sampson, Gen. Counsel, Tallahassee, for appellee.
BERANEK, Judge.
La Pointe Outdoor Advertising appeals final agency action by the Department of Transportation ordering removal of its outdoor advertising sign found to violate Sections 479.02 and 479.07(1), Florida Statutes (1977), and denying compensation for its removal. We affirm.
La Pointe's sign, located on I-95 in Palm Beach County, is within 1000 feet of a sign Outdoor Media built after La Pointe's sign was completed. On July 6, 1976, La Pointe obtained a building permit from Palm Beach County and began construction of its sign on approximately July 20, 1976. Outdoor Media received its building permit *1348 from the County August 4, 1976, and started building around September 20, 1976. Outdoor Media applied to the Department of Transportation for a state sign permit for this location on July 7, 1976, and received approval on July 12, 1976. La Pointe applied for its state permit on July 12, 1976. The Department denied the application on September 9, 1976, because a permit (Outdoor Media's) had previously been issued for a site within 1000 feet of La Pointe's selected location. On March 24, 1977, the Department of Transportation sent La Pointe a letter advising it that its sign, located within 1000 feet of a permitted sign, violated Section 479.02, Florida Statutes (1977). The Department of Transportation sent a second violation letter April 24, 1977, advising La Pointe of an additional violation, erecting its sign without a valid permit, contrary to Section 479.07(1), Florida Statutes (1977).
The procedure surrounding the hearing and eventual final order has been somewhat confused. The Hearing Officer entered a recommended order on December 15, 1977, requiring La Pointe to remove the sign within ten days of the Department of Transportation's final order. The Department rendered a final order February 4, 1978, adopting the Hearing Officer's findings in full. The Department subsequently conceded the February 4, 1978, order to have been improperly entered, and this Court remanded the matter for a further full hearing. On June 28, 1978, the Department of Transportation entered its final order following the remand. This order once again accepted the Hearing Officer's recommended order and required removal of the sign. This Court subsequently determined that the La Pointe petition for certiorari as initially filed should be treated as an appeal governed by Florida Rule of Appellate Procedure 9.030(b)(1)(C).
On the merits, La Pointe initially challenges the Department of Transportation's authority to enforce the 1000 foot spacing requirement.[1] Section 479.02, Florida Statutes (1971), authorized the Governor to execute an agreement with the Secretary of Transportation to carry out the purposes of the Highway Beautification Act of 1965.[2] On January 27, 1972, the Governor and the Secretary of the United States Department of Transportation executed such an agreement, applying to all commercial and industrial areas within 660 feet of the right of way of all interstate and federal aid primary systems in Florida. Section 111.B. provides in part that "[n]o two structures shall be spaced less than one thousand (1,000) feet apart on the same side of the highway facing the same direction." La Pointe argues that this Agreement is not a regulation; therefore, the 1000 foot spacing requirement is not enforceable. The First District resolved this issue in Brazil v. Division of Administration, State Department of Transportation, 347 So.2d 755, 758 (Fla. 1st DCA 1977), holding that the Department of Transportation has the authority to enforce the agreement. We agree and hold the spacing restriction to be enforceable.
La Pointe further contends that if removal is required, it is entitled to compensation. Regarding compensation, Section 479.24(1), Florida Statutes (1977), provides:
(1) Compensation shall be paid upon the removal of all signs lawfully in existence on December 8, 1971 or signs lawfully erected which later become nonconforming. Compensation for any sign *1349 erected or completed after December 8, 1971 shall be limited to the actual replacement value of the materials in such sign. It is the legislative intent that any person erecting or completing such a sign after December 8, 1971 shall be fully compensated by the method herein provided. (Emphasis supplied.)
Noting this statute, the Department denied compensation finding:
The key here is the requirement that such signs have been "lawfully in existence" or "lawfully erected." The whole question in this case is whether or not the subject sign was "lawfully erected." Once it is determined that it was not "lawfully erected" it is removed from the application of this statute.
Conversely, Brazil v. Division of Administration, State Department of Transportation, supra, construed this section as requiring compensation for the replacement value of the materials in an unlawfully erected sign. Brazil did not discuss the "lawfully in existence" language, however, and instead emphasized the second sentence, limiting compensation for signs erected after December 8, 1971, to the actual replacement value of the materials. We decline to follow this portion of Brazil. Compensation for removal of a sign erected in violation of the law essentially condones the initial unlawful act and totally ignores the first sentence of Section 479.24(1), Florida Statutes (1977). Because La Pointe's sign was never "lawfully in existence," the Department correctly denied compensation.
We also hold that the prior issuance of the Palm Beach County permit does not change this result. Section 479.15(1), Florida Statutes (1977), provides: "no zoning board or commission nor any other public officer or agency shall permit any advertisement or advertising structure which is prohibited under the provisions of this chapter... ." In addition, Section 16(A) of the Palm Beach County Sign Code, in existence at the time in question, provided: "Where other sign or outdoor advertising regulations are in effect and are more restrictive than the provisions of this Code, the more restrictive provisions shall prevail."
Since we hold the 1000 foot provision to have been effective, it must govern as the more restrictive regulation. The order of the Department of Transportation of June 28, 1978, is thus affirmed.
AFFIRMED.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] LaPointe's brief does not contest the Department's findings regarding the permit violation. (§ 497.07(1), Fla. Stat. (1977).)
[2] 479.02 Enforcement of provisions by department.  It shall be the function and duty of the department to:

(1) Administer and enforce the provisions of this chapter including, but not limited to, executing agreements in conjunction with the Governor in accordance with title I of the Highway Beautification Act of 1965 and Title 23, U.S. Code;
(2) Regulate size, lighting, and spacing of signs permitted in the zoned and unzoned commercial and zoned and unzoned industrial area;
(3) Determine unzoned commercial and industrial areas; and
(4) Regulate signs relating to food, lodging, camping, vehicle service, and attractions, subject to current federal regulations.