398 So.2d 1370 (1981)
LaPOINTE OUTDOOR ADVERTISING, Petitioner,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Respondent.
No. 59293.
Supreme Court of Florida.
May 28, 1981.
Robert D. Korner of Korner & O'Brien, Coral Gables, for petitioner.
Margaret-Ray Kemper, Appellate Atty., Philip S. Bennett, Trial Atty., and H. Reynolds Sampson, Gen. Counsel, Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal reported at 382 So.2d 1347 (Fla. 4th DCA 1980), in which the court held that the Department of Transportation need not compensate the owner of a billboard sign under section 479.24, Florida Statutes (1977), for requiring the sign's removal for violation of section 479.02(1), Florida Statutes (1977). The First District Court of Appeal, in Brazil v. Division of Administration, State Department of Transportation, 347 So.2d 755 (Fla. 1st DCA 1977), has held to the contrary. We have jurisdiction to resolve the conflict.[1] We hold that no compensation is necessary and approve the instant decision of the Fourth District Court of Appeal.
The relevant facts reflect that in early July of 1976, LaPointe Outdoor Advertising obtained a county building permit to construct a billboard sign alongside Interstate Highway 95 in Palm Beach County. LaPointe similarly applied for a Florida Department of Transportation (DOT) permit which was also prerequisite to the sign's construction. DOT did not process the application immediately, and LaPointe, without obtaining the permit, nevertheless began construction on its proposed sign. Subsequent to the billboard's completion, DOT informed LaPointe that its application had been denied because another firm had made application prior to LaPointe for a billboard within 1000 feet of the location that LaPointe had chosen. The Highway Beautification Act of 1965, 23 U.S.C. § 131 (1976), requires 1000-foot spacing between billboards located on federal highways; DOT is charged with enforcing this provision.[2] *1371 DOT thereafter cited LaPointe for violation of section 479.02, erecting a sign within 1000 feet of a permitted sign, and section 479.07(1), erecting a sign without a valid permit, and ordered the billboard's removal. The Fourth District affirmed DOT's final order.
The question presented for our review is whether section 479.24(1) requires that the state compensate LaPointe for its sign. That section provides:
479.24 Compensation for removal of signs; eminent domain; exceptions. 
(1) Compensation shall be paid upon the removal of all signs lawfully in existence on December 8, 1971 or signs lawfully erected which later become nonconforming. Compensation for any sign erected or completed after December 8, 1971 shall be limited to the actual replacement value of the materials in such sign. It is the legislative intent that any person erecting or completing such a sign after December 8, 1971 shall be fully compensated by the method herein provided.
The First District Court of Appeal considered the same issue in Brazil v. Division of Administration, State Department of Transportation. In Brazil, as in the instant case, an outdoor advertiser had erected a billboard which violated the Beautification Act's 1000-foot spacing provision. Also as in the instant case, DOT had ordered the sign's removal. DOT denied compensation for the sign, contending that because section 479.24(1) provided "[c]ompensation shall be paid upon the removal of all signs lawfully in existence on December 8, 1971 or signs lawfully erected which later become nonconforming" and because the subject sign had not been lawfully erected, no compensation was owing. On appeal, the Brazil court agreed that the billboard's removal was in order but held that the advertiser was entitled to compensation. 347 So.2d at 758. The court acknowledged DOT's position but pointed out that the statute also provided: "Compensation for any sign erected or completed after December 8, 1971, shall be limited to the actual replacement value of the materials in such sign." Id. The court held that the latter sentence rendered the statute ambiguous as to when compensation was owing and as to when it was not. Reading the provision in the light most favorable to the sign owner, the court awarded compensation for the cost of the sign's materials.
Conversely, when considering the issue in the instant case, the Fourth District Court of Appeal held that the statute did not require compensation. The court found the controlling portion of section 479.24 to be the "lawfully in existence" language and concluded that "[c]ompensation for removal of a sign erected in violation of the law essentially condones the initial unlawful act and totally ignores the first sentence of Section 479.24(1)." 382 So.2d at 1349.
We fully agree with the Fourth District Court's conclusion and find that section 479.24 is not ambiguous and does not require compensation for nonconforming, unlawfully erected billboards mandatorily removed by DOT order. Our decision is totally consistent with the legislative intent behind section 479.24. We consequently approve the instant district court decision and disapprove the decision of the First District in Brazil.[3]
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Section 479.02(1) provides:

479.02 Enforcement of provisions by department.  It shall be the function and duty of the department to:
(1) Administer and enforce the provisions of this chapter including, but not limited to, executing agreements in conjunction with the Governor in accordance with title I of the Highway Beautification Act of 1965 and Title 23, U.S. Code;
The Governor and the United States Secretary of Transportation entered into an agreement on January 27, 1972, section III, B. of which provides in part: "No two [signs] shall be spaced less than one thousand (1,000) feet apart on the same side of the highway facing the same direction." See Fla. Admin. Code ch. 14-10.09, at 32G.
[3] We note that the First District had the opportunity to review its decision in Brazil in Henderson Sign Serv. v. Department of Transp., 390 So.2d 159 (Fla. 1st DCA 1980), but declined to consider the compensation issue directing DOT to await the outcome and abide by the decision of this Court in the instant case.