MILLS, Judge.
National Advertising Company appeals a final order of Department of Transportation (DOT) ordering removal of its signs with no compensation.
National Advertising Company contends that DOT had the burden of proving not only that there was a violation of Section 479.11(1), Florida Statutes (1981), but also that the advertising structures did not fall within the exception provided in Section 479.111(2), Florida Statutes (1981), and that *1143 since the support poles for the signs were set in concrete prior to 8 December 1971, the signs were lawfully in existence on that date, thus compensation is due. We agree that DOT had the burden of proving a violation of Section 479.11(1), disagree with the other contentions, and affirm.
National Advertising, the owner of two outdoor signs located in Duval County, was cited by DOT for violation of Section 479.-11(1). The parties stipulated that both signs were within 660 feet of the right-of-way of 1-95. However, National Advertising contends that these signs fell within the statutory exception of Section 479.111(2).
The parties further stipulated that at least the poles for the two structures were erected prior to 8 December 1971. There was uncontradicted testimony that there were no advertising faces on the poles until on or about 26 April 1972.
On 6 November 1981, DOT entered its final order directing that the signs be removed without compensation.
This court held in Henderson Sign Service v. DOT, 390 So.2d 159 (Fla. 1st DCA 1980), that the burden of proving entitlement to any of the exceptions of Chapter 479 is upon the one claiming the exception. Therefore, National Advertising had the burden of proving it fell within the exception of Section 479.111(2). This it failed to do.
In LaPointe Outdoor Advertising v. Florida DOT, 398 So.2d 1370 (Fla. 1981), the Florida Supreme Court ruled that no compensation need be made for removal of signs that were not lawfully in existence on 8 December 1971. In view of the definition in Section 479.01(1), bare poles do not constitute a “sign” within the meaning of Section 479.24(1). National Advertising’s emphasis on the word “intended” in Section 479.01(1) is misplaced. This word clearly refers to a present intent to advertise or to inform the public, not to an intent to build a sign sometime in the future. Therefore, since National Advertising’s signs were not lawfully in existence on 8 December 1971, no compensation is due.
AFFIRMED.
THOMPSON, J., concurs.
BOOTH, J., dissents with opinion.