[1] While the notice of appeal is styled "Helen Jacks v. Madison County et al.", the appellant's brief indicates that the appellant does not object to the judgment as to the other defendants in the case. Therefore, we have restyled the appeal to reflect that the sole appellee is Madison County. First Fin. Ins. Co. v. Tillery,626 So.2d 1252 n. 1 (Ala. 1993); Cantley v. Hubbard, 623 So.2d 1079
n. 1 (Ala. 1993).
Helen Faye Jacks appeals from a judgment of the Madison County Circuit Court dismissing, pursuant to Rule 12(b)(6), Ala.R.Civ.P., her complaint against Madison County ("the county"). We affirm.
The standard of review of the grant of a motion to dismiss pursuant to Rule 12(b)(6) was set out in Nance v.Matthews, 622 So.2d 297, 299 (Ala. 1993):
 "On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App. 1989). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641
(Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986)."
According to Jacks's complaint, in 1993 a Madison County commissioner approached her and her former husband about building a water storage tank on one of two parcels of property that Jacks and her former husband jointly owned at the time, but which were later awarded solely to Jacks in a divorce action. The complaint further alleged that Jacks had agreed to permit the county to build a water storage tank on a parcel of her property on the condition that the county "fence in" the tank and build and maintain a public road leading to the tank that traversed other land that she owned so as to assist in the development of residential lots on that land. The complaint averred that the tank had been built in 1993, but that in doing so the county had cut an access road on land other than the two parcels allegedly agreed upon, causing the destruction of hundreds of hardwood trees; additionally, the complaint stated that the public road contemplated by the parties had not been built at that time. The complaint further alleged that in 1996, the county's attorney had confirmed the parties' purported 1993 contract in a letter addressed to an attorney representing Jacks, and that Jacks had deeded the two subject parcels to the county to be held in escrow until the road was constructed; however, the county had since refused to build the public road allegedly agreed upon.
Jacks's complaint contained four counts. Count one alleged that the county had breached the parties' purported 1993 contract by taking land from her without just compensation; by destroying trees on portions of her land; by failing to build the public road to the water tank so as to facilitate residential development of other land she owned; and by failing to prevent trespassing upon her property. Count two alleged that the county had made fraudulent misrepresentations in order to induce her to convey her property to the county. Count three of the complaint stated that the county had trespassed upon her land by building the water tank on a parcel of *Page 431 
her property, by constructing the access road across other portions of her property to facilitate the construction of the tank, and by later placing a gate and a fence across the access road. Finally, Count four alleged that the installation of the water tank, the access road, and the county's later installation of a gate and a fence across the access road constituted private nuisances.
Attached to Jacks's complaint was a photocopy of a verified claim she had presented to the county on August 25, 1998, pursuant to § 11-12-5, Ala. Code 1975. In her verified claim, Jacks alleged that she owned 1.82 acres of land in Madison County and that she had negotiated a contract with the county wherein she would execute a deed conveying the 1.82 acres to the county in consideration of the county's construction of a public road across her land. Her claim further stated that the deed to the 1.82 acres was to be held in escrow until the road was constructed, and that if the road was not constructed within one year of June 5, 1996, the deed to the 1.82 acres and the water tank would revert to her. She also alleged that the county had constructed a logging access road on land other than the 1.82 acres conveyed. Jacks alleged that due to the county's breach of that contract, she had been unable to develop residential lots along the road that was to have been built by the county, that she had been denied just compensation for the real estate taken, and that she had been injured and damaged by the county's alleged contractual breach in the amount of $500,000. However, Jacks's claim did not allege that the continued presence of the water tank constituted a nuisance or a continuing trespass.
The county moved to dismiss the complaint for failure to state a claim upon which relief could be granted, alleging that all of Jacks's causes of action had accrued more than 12 months before August 25, 1998, the date she presented her verified claim to the county, and that her judicial claims were therefore barred by § 11-12-8, Ala. Code 1975, which states that "[a]ll claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred." The trial court agreed with the county, and entered a judgment dismissing the complaint.
Jacks appealed from the trial court's judgment to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Jacks contends that the trial court erroneously dismissed her complaint because, she says, she presented her verified claim to the county within 12 months of the accrual of her breach of contract, fraudulent misrepresentation, trespass, and nuisance causes of action. The county contends that the trial court correctly concluded that Jacks's causes of action accrued more than 12 months before her verified claim was presented to the county.
Section 6-5-20, Ala. Code 1975, states that no action may be commenced against a county until a claim has been presented to the county commission and has been either (1) disallowed, or (2) reduced, where the reduction is refused by the claimant. As stated previously, § 11-12-8 requires that such a claim be presented within 12 months of the accrual of the claimant's cause of action, and the failure to present such a claim to the county within that period is a bar to a subsequent civil action on that claim. See Health Care Auth. v. Madison County, 601 So.2d 459,462 (Ala. 1992).
The nature and purpose of § 11-12-8 were summarized by the Alabama Supreme Court in Chumney v. Houston County, 632 So.2d 1328
(Ala. 1993):
 "In Groeschner v. Mobile County, 512 So.2d 70, 72 (Ala. 1987), we restated with approval the purpose of § 11-12-8, which is `to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, *Page 432 
growing out of occurrences in the too distant past.' We held in Groeschner that the statutory requirement that a claim be presented to the county commission was a condition precedent to the maintenance of an action against the county. 512 So.2d at 72. In Garner v. Covington County, 624 So.2d 1346, 1354 (Ala. 1993), we recently acknowledged the legislature's power to pass laws regulating municipal and county liability.
 "`Section 11-12-8, which bars claims against the county not presented within 12 months from the time they accrue, is actually a statute of nonclaim.' Groeschner, 512 So.2d at 72. The motivation behind the creation of a statute of nonclaim in addition to a statute of limitations was to provide county governments with a broader defense than that provided by the statute of limitations, to bar not only remedies but also to extinguish debts and liabilities. Ivory v. Fitzpatrick, 445 So.2d 262, 264 (Ala. 1984). Statutes of nonclaim and statutes of limitations `are separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse.' Ivory v. Fitzpatrick, 445 So.2d at 264, quoting Yniestra v. Tarleton, 67 Ala. 126 (1880)."
632 So.2d at 1329. In determining whether the trial court correctly concluded that Jacks did not comply with § 11-12-8, we must consider precisely when the causes of action alleged in the counts of her complaint "accrued," an analysis most often undertaken in connection with statutes of limitation. See §6-2-30(a), Ala. Code 1975 (providing that all civil actions must be brought within the statutory limitations period after the cause of action has accrued).
 I. Breach of contract
A breach-of-contract cause of action "accrues" when the contract is breached, rather than when the contract is entered into or when damage is sustained. AC, Inc. v. Baker, 622 So.2d 331,333 (Ala. 1993); Stephens v. Creel, 429 So.2d 278, 280 (Ala. 1983). According to the complaint and the attached exhibits, the parties' alleged 1993 agreement that the county would build a public road over Jacks's land at some time in exchange for permission to build a water tank was modified with the parties' express consent in 1996, when the county agreed to construct the road within a year of June 5, 1996, in exchange for Jacks's execution of a deed conveying to the county the parcels of real property underlying the proposed road and the water tank. It is well settled that contracting parties are free to so modify their contract by mutual assent (see, e.g., Lightsey v. Orgill Bros. Co., 454 So.2d 1002, 1005 (Ala.Civ.App. 1984)).
However, because the parties' contract (according to the complaint) was for the county to build the public road to the water tank within one year of June 5, 1996, or else return to Jacks the escrowed deed to the underlying parcels, the county breached the contract when it did not either build a public road or return the deed to Jacks on or before June 5, 1997. Once that contract was breached, under AC and Stephens, Jacks's breach-of-contract cause of action against the county accrued, and she was obligated to present her breach-of-contract claim to the county within one year after that date of accrual. Because the exhibits to Jacks's complaint, which constitute a part of that complaint for all purposes (see Rule 10(c), Ala.R.Civ.P.), reveal that her claim was not filed until August 25, 1998, over 14 months after that date of accrual, Jacks was barred from suing the county on that cause of action in the trial court. The trial court's judgment of dismissal was correct as to the breach-of-contract count.
 II. Fraudulent misrepresentation
With respect to Jacks's fraudulent-misrepresentation cause of action, assuming that her verified claim could be said to have included this cause of action, we reach a similar conclusion. A fraud claim *Page 433 
accrues under Alabama law "when there are discovered such facts as would put a reasonable person on inquiry which, if pursued, would lead to the discovery of the fraud." Faith, Hope Love, Inc. v. First Alabama Bank, 496 So.2d 708, 713 (Ala. 1986);see also § 6-2-3, Ala. Code 1975 (recognizing "discovery rule" with respect to fraud statute of limitations).
Jacks's verified claim shows that she knew that if the county did not either build a public road across her land or return the escrowed deed to the parcels underlying the tank and the proposed roadway by June 5, 1997, then the county had made misrepresentations to her. The passage of that date without one of the two conditions occurring would place a reasonable person in Jacks's situation on notice that the county did not intend to comply with the parties' agreement. Thus, under Faith, Hope Love, supra, Jacks's cause of action accrued, as a matter of law, on June 5, 1997, yet Jacks allowed over one year to pass from that date before filing a claim. Therefore, Jacks's fraudulent-misrepresentation count also was barred as a matter of law under §§ 11-12-8 and 6-5-20, and the trial court correctly dismissed the complaint as to that claim as well.
 III. "Continuing" trespass and nuisance
Concerning the trespass and nuisance counts of her complaint, Jacks asserts that because the water tank remains on her property, those causes of action are "continuing" in nature, and are not barred by § 11-12-8 because they did not accrue more than 12 months before her claim was filed with the county.[2]
The county, on the other hand, contends that Jacks should have filed a claim with the county within one year of the construction of the water tank.
It appears that the trespass Jacks has alleged in her complaint is a continuing trespass. This court held in AlabamaPower Co. v. Gielle, 373 So.2d 851 (Ala.Civ.App.), cert.denied, 378 So.2d 1100 (Ala. 1979), that "[a] structure maintained on another's property is a continuing trespass," and that "[a] continuing trespass creates successive causes of action." 373 So.2d at 854. Jacks has alleged that the county's water tank, a structure, has been located on her property since 1993, and assuming her allegations to be true, as we must underNance, its remaining on the property gives rise to successive causes of action accruing in her favor.
In contrast, we are not aware of any Alabama authority explicitly permitting successive "continuing nuisance" causes of action with respect to a permanent structure. Because Jacks claims that the water tank is itself a nuisance that has worked "hurt, inconvenience or damage" to her (see § 6-5-120, Ala. Code 1975), a single nuisance cause of action accrued upon the completion of the water tank based upon the facts alleged in her complaint. See Burge v. Jefferson County, 409 So.2d 800, 802
(Ala. 1982) (assuming, without deciding, that a filled-in ditch constituted a permanent nuisance, the plaintiff's nuisance cause of action accrued and the statute of limitations began to run when the ditch was filled in).
Regardless of whether Jacks's alleged "continuing" trespass and nuisance causes of action accrued within one year before she filed her claim with the county, we cannot conclude that the trial court erred in dismissing the complaint as to these counts. An itemized claim against a county, pursuant to §11-12-5, Ala. Code 1975, must include, according to Elmore CountyComm'n v. Ragona, 540 So.2d 720, 723 (Ala. 1989), "the alleged basis for the *Page 434 
county's liability for damages resulting from the event or transaction" involved. As we have noted, the claim that Jacks filed with the county on August 25, 1998, does not contain any request that the county compensate her based upon a theory that the water tank itself constitutes a trespass or a nuisance of any kind, much less a continuing one. Rather, the claim seeks a payment of $300,000 based upon the county's alleged "breach of contract" arising from the failure to construct the access road as allegedly agreed or, in the alternative, to return the deed to the real property underlying the water tank and the planned access road. We conclude that Jacks's failure to present her nuisance and trespass claims to the county barred her assertion of those theories in her complaint, and we therefore affirm the dismissal of the complaint as to those theories. Accord, Williams v.McMillan, 382 So.2d 1347 (Ala. 1977).[3]
 IV. Conclusion
Based upon the foregoing authorities, and the facts of this case, we conclude that the trial court correctly dismissed Jacks's complaint. The trial court's judgment is therefore due to be, and is hereby, affirmed.
AFFIRMED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[2] Because Jacks has limited her argument on appeal to her trespass and nuisance causes of action arising from the county's construction and maintenance of a water tower on a parcel of her property, we need not decide whether Jacks's allegations concerning the destruction of trees on her property and the creation of the access road in a place other than that agreed upon by the parties were barred by § 11-12-8.
[3] We do not consider whether a subsequent complaint alleging a continuous trespass would be barred by § 11-12-8 if Jacks presents a trespass claim to the county in the future. Williams, 382 So.2d at 1349 (Torbert, C.J., concurring specially).