SMITH, Justice.
 

 The Waterworks and Sewer Board of the City of Selma (“the Board”) appeals from the dismissal of a declaratory-judgment action it filed against Geraldine Allen
 
 *847
 
 and Samuel Randolph. We reverse and remand.
 

 Facts and Procedural History
 

 The Board is a public corporation formed in accordance with § 11-50-310 et seq., Ala.Code 1975, for the purpose of operating a water and sewer system in the City of Selma. The Board is composed of five directors, appointed by the Selma City Council (“the City Council”), which has nine voting members.
 
 See
 
 § 11-50-313, Ala.Code 1975. Each director of the Board serves a term of six years, after initial staggered terms, or, if the director is a municipal officer, he or she serves “for the term for which he or she is appointed or during his or her tenure as a municipal officer, whichever expires first.” § 11-50-313(a), Ala.Code 1975.
 

 The City Council appointed Randolph to serve as a director on the Board beginning in October 2000. When Randolph’s term expired in October 2006, the City Council had not appointed a successor, and Randolph continued to serve in a holdover capacity.
 

 At a meeting of the City Council on January 22, 2007, Randolph and Allen— both of whom were voting members of the City Council — were nominated to fill Randolph’s expired position on the Board. Randolph abstained from the vote, and Allen cast a vote. Of the eight votes cast, Allen received five votes and Randolph three. The five votes cast for Allen included her own vote; thus, if Allen’s vote is not counted, she received four votes.
 

 On February 15, 2007, the Board filed a complaint in the Dallas Circuit Court against Allen and Randolph seeking a judgment declaring, among other things, the proper person to serve as a director on the Board. The Board alleged that, by voting for herself in the City Council’s January 22, 2007, selection of a director for the Board, Allen violated § 36-25-9(c), Ala.Code 1975, a provision of Alabama’s Code of Ethics for Public Officials and Employees (“the Code of Ethics”), which provides: “No member of any county or municipal agency, board, or commission shall vote or participate in any matter in which the member or family member of the member has any financial gain or interest.” More specifically, because members of the Board are entitled to receive compensation
 
 [1]
 
 for their service as directors, the Board contended that Allen had violated § 36-25-9(c).
 
 [2]
 

 The Board’s complaint noted that without Allen’s vote in the City Council’s January 22, 2007, selection of a director for the Board, Allen would have received only four votes. Relying on § 11^13-45, Ala.Code 1975, the Board then noted that, if Allen’s vote were not counted, the votes for Allen represented less than a majority of the nine-member City Council, which, it alleges, is necessary for an appointment to the Board. Section 11-43-45 provides:
 

 “All elections of officers shall be made viva voce, and a concurrence of a majority of the members to the council shall be required, and all members of the council may vote any provision of law to the contrary notwithstanding. On the vote resulting in an election or appointment,
 
 *848
 
 the name of each member and for whom he voted shall be recorded.”
 

 The Board’s complaint asserted that “the Board needs the Court to declare who is the proper person to serve and under what circumstances the person would be allowed to serve,” and the complaint asked the court to “adjudge and declare the rights and responsibilities of the parties.” The Board also asked for a judgment declaring that Allen’s action as a City Council member in voting for herself as a director of the Board was “improper” and that the January 22, 2007, election was therefore void. Finally, the Board sought an injunction prohibiting Allen from taking a seat on the Board as a director until she was “properly elected” and a declaration that Randolph should continue serving on the Board until a successor is properly elected.
 

 At the time it filed its complaint, the Board also filed a motion for a temporary restraining order (“TRO”) to prevent Allen from taking a seat on the Board during the pendency of the Board’s action and to permit Randolph to continue to serve on the Board in a holdover capacity. On February 16, 2007, the trial court issued an injunction prohibiting both Allen and Randolph from serving on the Board during the pendency of the Board’s action.
 

 Allen filed a motion to dismiss the Board’s action, arguing, among other things, that the Board did not have standing to enforce § 36-25-9(c), Ala.Code 1975. On June 29, 2007, after additional motions and briefs had been filed regarding Allen’s motion to dismiss, the trial court dismissed the Board’s action and dissolved the injunction it had issued on February 16, 2007. The Board filed a motion to alter, amend, or vacate the trial court’s judgment dismissing the action and dissolving the injunction. The trial court denied the postjudgment motion, and this appeal followed.
 
 [3]
 

 Standard of Revieiv
 

 The trial court granted Allen’s motion to dismiss the Board’s complaint on the basis that the Board did not have standing to enforce § 36 — 25—9(c), Ala.Code 1975.
 

 “ ‘The standard of review of the grant of a motion to dismiss ... was set out in
 
 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993):
 

 “ ‘ “On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review ... is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a ... dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” ’
 

 “Jacks v. Madison County,
 
 741 So.2d 429, 430 (Ala.Civ.App.1999) (citations omitted). In addition, ‘[m]otions to dismiss are rarely appropriate in declaratory judgment proceedings. Such a motion does, however, serve one purpose, that of determining whether the [complaint] states the substance of a bonafide
 
 *849
 
 justiciable controversy which should be settled.’
 
 Wallace v. Burleson,
 
 361 So.2d 554, 555 (Ala.1978) (citation omitted).”
 

 Helms v. Barbour County,
 
 914 So.2d 825, 828-29 (Ala.2005).
 

 Discussion
 

 The trial court’s order dismissing the action states in relevant part:
 

 “The substance of Count I of the Board’s complaint is that a justiciable controversy exists as to whether a proper appointment was made by the Council when Allen voted for herself. The Board alleges that Allen violated the Alabama Ethics Act, particularly Ala. Code 1975, § 36-25-9(c), which prohibits any member of any county or municipal agency, board or commission from voting or participating in any manner in which the member or family member of the member has any financial interest.
 

 “In Count II of its complaint the Board seeks an injunction, alleging that it will suffer irreparable harm ‘if the January 22, 2007, action of the Council stands’ and that it has no adequate remedy at law.
 

 “In its paragraph prayer for relief the Board asks this Court, inter alia: to declare the action of Allen in voting for herself to be elected to the Board ... improper and in violation of the Ethics Act; to declare the January 22, 2007, vote to be void; and to enjoin Allen from taking a seat on the Board.
 

 “... At the outset, this Court must determine whether it has jurisdiction to entertain the Board’s complaint and to grant the requested relief. In a declaratory judgment action there must be a bona fide existing controversy of a justi-ciable character to confer jurisdiction upon the Court. The lack of a justicia-ble controversy may be raised by a motion under Rule 12, Ala. R. Civ. P.
 
 See Luken v. BancBoston Mortgage Corp.,
 
 580 So.2d 578 (Ala.1991). Allen argues the [Board] lacks standing to bring this action because the Alabama Ethics Act does not provide any private right of action.
 
 Hipps v. Lauderdale County Bd. of Educ.,
 
 631 So.2d 1023, 1027 (Ala. Civ.App.1993),
 
 cert. denied
 
 (Feb. 4, 1994) (‘We know of no cases holding that the Alabama Code of Ethics, Ala.Code 1975, §§ 36-25-1 through -30, contemplates a citizen bringing a private action against a public official for a matter falling within the purview of the Code of Ethics ....’). Moreover, the Alabama Ethics Act provides a statutory mechanism for the investigation of statements and complaints pertaining to public officials, provides that the Ethics Commission may report suspected violations of law to the appropriate law enforcement authorities and provides criminal penalties and administrative penalties for the violation of the Act. Ala.Code 1975, § 36-25-27(c), specifically vests enforcement of the chapter in the Ethics Commission and also allows the Attorney General or the district attorney for the appropriate jurisdiction to enforce provisions of the Act.
 

 “Defendant Allen argues that to grant the Board the relief it has requested this Court must determine and adjudge that she has committed a crime in violation of the Ethics Act without the benefit of any investigation by the Ethics Commission or the involvement of any law enforcement agency or indictment or trial. This Court agrees. Granting the Board the relief it seeks would also run afoul of the provisions of Article VII § 175, of the Constitution of Alabama 1901, which provides for the removal of city officers by impeachment and which preserves the right to a jury trial, thereby allowing the Board to bypass both the enforcement provisions of the Ethics Act and
 
 *850
 
 the impeachment provisions of the Constitution.
 

 “In
 
 Kid’s Care, Inc. v. Alabama Department of Human
 
 Resources, 843 So.2d 164 (Ala.2002), the Alabama Supreme Court observed that standing is an essential element of justiciability and that not all controversies, even very public ones, are justiciable. As noted in the Supreme Court’s opinion and the cases cited therein, standing turns on whether a party has been injured in fact, and whether that injury is to a legally protected right. Accordingly, when a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction. Since the Ethics Act confers no private right of enforcement, this Court cannot find that the Board has complained of any real and tangible injury to a legally protected right.
 

 “Moreover, to grant the relief sought in Count II, i.e., injunctive relief, the Board must show both the existence of irreparable harm and the absence of an adequate remedy at law. In its application for a TRO, the Board defined its alleged irreparable harm as follows:
 

 “ ‘3. There is no adequate remedy at law and unless this Honorable Court grants a temporary restraining order [the Board] will suffer irreparable harm to-wit: a person may be appointed to the [Board] who is not legally allowed to serve, and the Board could be said to have knowingly violated the Alabama State Ethics laws.’
 

 “It is undisputed that the Board has no authority to appoint its members as that authority is vested in the Council. Therefore, this Court finds no basis from which it can conclude that the Board could knowingly violate the Alabama Ethics Act by the action taken by the Council in appointing Allen to the Board. To the extent that the Board
 

 and its members contend that Allen’s conduct violated the Ethics Act, their remedy is the same as that possessed by every other citizen, i.e., to file a complaint with the Alabama Ethics Commission. Thereafter, the Ethics Commission, or the Attorney General or the district attorney may take such action as they deem to be appropriate.
 

 “Accordingly, for the reasons set out herein, this Court finds that the Board lacks standing because it has failed to show the existence of a justiciable controversy. Therefore, this Court lacks subject-matter jurisdiction of this cause. The plaintiffs complaint is due to be dismissed, and this Court’s injunctive order dated February 16, 2007, is due to be dissolved.”
 

 (Footnote and some internal citations omitted.)
 

 The Board contends that the trial court erred in dismissing its complaint on the basis that the Board did not have standing to enforce § 36 — 25—9(c), Ala.Code 1975. The Board argues that its action is not exclusively an attempt to privately enforce the Code of Ethics. Rather, the Board contends that, more generally, it is attempting to resolve the issue whether Allen or Randolph is the appropriate director.
 

 The Board’s complaint alleged that the City Council “attempted” to fill the vacancy on the Board created by the expiration of Randolph’s term by appointing Allen to serve as a director. Under the standard of review applicable to a ruling on a motion to dismiss, we accept that statement as true.
 

 The Board’s complaint then alleged that there were two potential problems with Allen’s appointment. First, the Board alleged that Allen’s vote for herself violated the Code of Ethics. Second, the Board cited § 11-43-45, Ala.Code 1975, and al
 
 *851
 
 leged that the election process used by the City Council to fill the vacancy on the Board “may also [have been] improper since the record reveals that there was only [a] show of hands and no roll-call vote or voice record of each person’s vote.”
 

 The trial court’s order dismissing the complaint addressed the Board’s second allegation (i.e., that the election process may have been improper because “there was only [a] show of hands and no roll-call vote or voice record of each person’s vote”) as follows:
 

 “Although not addressed by Defendant Allen in her motions to dismiss and to dissolve the injunctive order or by the Board in response thereto, this Court notes that the [Board] has alleged in its complaint that the City Council did not follow proper procedure at its January 22, 2007, meeting when the vote to fill Randolph’s expired term was taken by show of hands rather than [viva] voce. It is apparent from the [Board’s] complaint that the vote was taken by the City Council at a regular public meeting and that the City Council members present publicly signified the person for whom they were voting by raising their hands, other than Randolph, who abstained, and that the votes were appropriately recorded. Therefore, the purpose of a voice vote was effectively met by a show of hands as opposed to a secret ballot in which the identity of a person casting a vote for a particular candidate would not be known to the public.”
 

 As to the Board’s first objection to Allen’s election (i.e., that in voting for herself Allen violated the Code of Ethics), the trial court’s order of dismissal held (1) that enforcement of the Code of Ethics is vested in the State Ethics Commission, the attorney general, or an appropriate district attorney; and (2) that the Board therefore does not have standing to enforce § 36-25-9(c).
 

 Thus, the trial court’s order ruled that neither of the stated objections to Allen’s election had any merit. Notably, neither the Board nor Allen has asked us to reverse the trial court’s ruling on those issues, and we express no opinion as to the correctness of the trial court’s ruling on those issues.
 

 However, the Board’s complaint includes the following allegations:
 

 “17. The Board is at a dilemma as it is only a five (5)-member board. The next regular meeting is set for Monday, February 19, 2007 and the issue of who selves as director is not clear. Randolph has served until the vacancy in his term has been duly elected and filled. Thus far, Allen has not attended a Board meeting and taken her seat. Allen stated that she does not intend to attend the Board meetings until the matter of her appointment is clear!
 
 [4]
 
 The Board does not want Allen and Randolph to attend if it is not proper for either to attend and participate as it may affect the votes taken. ... If Allen’s election was not proper, then Randolph has the entitlement and the Board does not want to be in error with him.
 

 “19. The Board needs the Court to declare who is the proper person to
 
 *852
 
 serve and under what circumstances the person would be allowed to serve.”
 

 In addition, the complaint asked the court to “adjudge and declare the rights and responsibilities of the parties.”
 

 Thus, even if the stated objections to Allen’s election as a director have no merit, the complaint alleges that a controversy exists between Randolph and Allen as to who is the proper person to serve as a director on the Board. Assuming, without deciding, that the trial court was correct in ruling that the City Council’s voting procedure was proper and that there is no private right of enforcement for alleged violations of the Code of Ethics, the complaint still alleges that the Board is faced with conflicting claims by Randolph and Allen to the same directorship.
 

 A declaratory-judgment action is an appropriate vehicle for resolving a dispute between claimants to an appointed or elected position on a board.
 
 See, e.g., Watkins v. Board of Trs. of Alabama State Univ.,
 
 703 So.2d 335 (Ala.1997);
 
 Gilbert v. Wells,
 
 473 So.2d 1042 (Ala.1985). In this case, the board itself1 — rather than one of the claimants to the position on the board — has initiated the action, but both of the claimants were named as parties to the action (and to this appeal). Consequently, the complaint alleges a justiciable controversy, and the trial court erred in dismissing the action.
 

 Conclusion
 

 The judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and SEE, WOODALL, and PARKER, JJ., concur.
 

 [1]
 

 . According to the complaint, a director of the Board is entitled to receive $800 per month in addition to compensation for actual expenses such as travel and mileage.
 

 [2]
 

 . On February 13, 2007, Allen sent the following memorandum to the Board and the City Council:
 

 "Due to the fact I received a majority vote of consensus from the City Council to be on the [Board], I will not resign my appointment from this Board. However, to ensure that no questions arise as it relates to me receiving monetary gain, I refuse to accept any salary
 
 (not one
 
 dime) during my term on the [Board].”
 

 [3]
 

 . Although Randolph apparently was served with a copy of the Board's complaint, he did not file an answer or otherwise participate in the action until after the trial court had dismissed the Board’s complaint. Randolph then filed a motion to alter, amend, or vacate the judgment. The trial court denied that motion. The Board named Randolph as an appellee to this appeal, but Randolph did not file a brief.
 

 [4]
 

 . The Board's postjudgment motion, which was accompanied by a supporting affidavit from a member of the Board, asserts that both Allen and Randolph attended a meeting of the Board on July 27, 2007. The Board's motion alleged that the Board was “unable to conduct necessary business” at its July 27, 2007, meeting because, it contended, both Allen and Randolph asserted conflicting claims to the same position as a director. The Board's motion requested the trial court "to determine who is the rightful person to serve as director.”