326 So.2d 758

Ruby **GRANT**

v.

**J. M. GRANT.**

Civ. 673.

Court of Civil Appeals of Alabama.

Feb. 11, 1976.

Alice L. Anderson, Enterprise, for appellant.

Cassady & Fuller, Enterprise, for appellee.

HOLMES, Judge.

This is an appeal from the granting of a motion to dismiss a complaint.

While it is the policy of this court and the spirit of ARAP to reach the merits of an appeal wherever possible, we cannot so do in this instance.

Rule 28(a)(2) of ARAP provides that the brief of appellant shall contain under appropriate headings and in the order here indicated:

"(2) A statement of the case (The statement shall first indicate briefly the nature of the case, the course of proceedings and its disposition in the court below);"

Rule 28(a)(5) provides:

"(5) An argument (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on); . . . ."

Appellant's brief contains no statement of the case. The argument section in its entirety is as follows:

"The facts are plain as follows:

"Mrs. Grant prior to Civil Case No. 20 in this Honorable Court and down to the present time has been a large portion of the time very distrubed [sic] and very ill both physically and mentally.

"During this same period to [sic] time Mr. J. M. Grant the appellee, has practiced consistent deceit and fraud upon the courts. However, the mental condition of Mrs. Grant and the apt concealment of this fraud by Mr. Grant has placed Mrs. Grant in an unfortunate position with the courts.

"In cases of serious illness such as Mrs. Grant's laches will not run against her under the circumstances set forth in her petition and transcript herein. ·(*Cunningham v. Wood* [224 Ala. 288], *140 So. 351, and 1940 Code of Alabama, Title 7 Sec. 42.*)

"In cases of this type Alabama has not abandoned the remedies available in a bill of review, a bill in the nature of a bill of review or an independent action. (*Rule 60 and Rule 60(b) ARCP and*

*Hadden vs. Rumsey Products [2 Cir.], 196 F(2nd) 92.)*

"The Court should not have dismissed this cause but transferred it to an impartial tribunal for consideration as requested."

We cannot perceive how the above argument relates to the assignments of error and/or issues involved in the appeal. To ascertain the issue or issues involved in this appeal, this court would have to search the record on appeal and then try to determine whether any error was committed by the trial court. Such a burden has not been placed on this court either by the legislature or the supreme court. The duty of presenting civil cases for review in an appellate court in a format prescribed by ARAP still rests with the appealing party and his attorney.

It is clear that appellant has not complied with Rule 28(a)(2) and (5).

Rule 2(a)(2)(D) provides that an appeal may be dismissed when a party fails to comply substantially with these rules. Appellant has so failed. Pursuant to Rule 2(a)(2), this court gave appellant an appropriate time to correct the deficiencies noted above. This has not been done.

Appeal dismissed.

BRADLEY, J., concurs.

WRIGHT, Presiding Judge (dissenting).

Though counsel for appellant made little conspicuous effort to comply with the rules of appellate procedure in presenting the issues or a brief and argument thereon, even after notice to correct deficiencies, I disagree with my brothers of the court that the appeal should be dismissed. Under the meticulous requirements of the prior rules of the supreme court and the decisions interpreting them, there is no question but that the decision of the majority would have been correct and required. However, applying the spirit of the new rules of appellate procedure, effective December 1, 1975, to the particular situation in this case, dismissal of the appeal for the inadequacies of counsel's presentation in brief is not appropriate.

The record in this case contains a petition to set aside or review two prior judgments under Rule 60(b) of ARCP, a motion of defendant to dismiss the petition and an order of dismissal. For purposes of consideration, it doesn't matter whether the pleading filed by plaintiff is designated as a motion to set aside or a bill of review. Either may be filed under Rule 60(b) on the ground of fraud upon the court within three years after entry of the judgment.

The motion to dismiss states two grounds: failure to state a claim upon which relief can be granted and want of jurisdiction to set aside. The motion to dismiss was granted without being set for hearing as required by Rule 78 ARCP. The ground for dismissal is not stated.

Though the petition or motion is ineptly drawn and contains other matter not germaine to fraud, it does allege fraud upon the court which is a ground for setting aside a judgment within three years. Rule 60(b). Thus, the ground in the motion to dismiss that the court lacked jurisdiction to grant relief requested was not valid. Neither of the decrees sought to be set aside were entered more than three years preceding the filing of plaintiff's petition.

The ground in the motion to dismiss for failure to state a claim upon which relief can be granted comes from Rule 12(b)(6) ARCP. Such ground has been stated to be a "lineal descendant of the common law general demurrer." 5 Wright & Miller, *Federal Practice and Procedure*, § 1355, p. 587. Dismissal of a complaint upon such ground should be sparingly granted. *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 5 Cir., 400 F.2d 465. It is available usually only when an affirmative defense which is a bar to relief appears on the face of

the complaint. *Joe E. Freund, Inc. v. Insurance Co. of North America,* 5 Cir., 370 F.2d 924. The common law general demurrer had been eliminated from Alabama practice even before enactment of the ARCP.

Even when dismissal is granted upon the ground of failure to state a claim, Rule 78 ARCP grants an automatic right to amend within 10 days of the order of dismissal. Such dismissal cannot be granted without notice and opportunity for oral hearing. Rule 78 ARCP. The record is devoid of either notice, hearing, or waiver thereof.

Though the averments of plaintiff's petition are prolix, ambiguous and confusing, there is contained therein a charge of fraud upon the court. The allegations of fraud may be insufficient and unprovable in fact; however, such is not ground for dismissal without opportunity to amend. Rule 78 ARCP. It cannot be said that no circumstance of fraud could be shown which would entitle plaintiff to relief.

The majority dismisses the appeal because of the insufficiency of plaintiff's brief. In this particular case I would not do so. Plaintiff has stated in brief with citation that the court had jurisdiction to entertain her petition and erred in dismissing it. This points to the issue to be determined on appeal, and defendant has answered that issue in brief.

The majority points out that the brief contains no statement of the case. This is true. However, the record of 13 pages contains nothing other than pleadings and orders of the court. It presents no difficulty of examination to determine what transpired below. I do not advocate the abandonment of the responsibility of counsel on appeal to succinctly and correctly present issues and argument. In cases such as this one, I would not dismiss the appeal if the issues are clear from the record and may be considered with little difficulty.

I respectfully dissent from the opinion of my brothers on the court. I would reverse and remand for notice and hearing on the motion to dismiss, with opportunity to amend by plaintiff if the motion is granted.