Appeal from the grant of a motion to dismiss the plaintiff's complaint on the ground that the complaint showed upon its face that it was filed more than one year after the time of the alleged injury to the plaintiff. We reverse and remand.
The plaintiff's complaint alleged that she was injured on July 18, 1977 when the automobile she was driving was struck by a motor vehicle owned by Lee County and *Page 929 
operated at that time by a Lee County deputy sheriff in line of duty. After alleging negligence and wanton conduct on the part of the deputy, the plaintiff alleged the filing of a claim, dated June 29, 1978, with the Lee County Commission as required by Code of 1975, § 6-5-20; that the commission received the claim prior to the expiration of one year after the collision, and that within the ninety days next preceding the filing of the complaint itself the county commission had notified the plaintiff of the disallowance of the claim.
The trial court cited §§ 6-2-7 and 6-2-39 as authority for holding that the motion to dismiss should be granted. Those statutes follow:
 § 6-2-7. When a right exists but a demand is necessary to entitle the party to an action against any officer, agent or attorney, the limitation commences from the commission or omission of the act giving the right of action and not from the date of the demand.
§ 6-2-39.
 (a) The following must be commenced within one year.
. . . .
 (7) All actions commenced to recover damages for injury to the person or property of another wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant or employee under the doctrine of respondeat superior.
Section 6-5-20, with which the plaintiff alleged compliance, states in parts (a) and (b):
 (a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.
 (b) The failure or refusal of such a county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance.
The interplay of these respective statutes has thus presented an anomalous situation. Although one may have a cause of action against a county, § 6-5-20 prevents the filing of suit ("An action must not be commenced") until the claim has been presented to the county commission. Since § 6-2-7 commences the running of the statute of limitations of one year from the date of the injury, the failure of the commission to take any action conceivably could reduce a plaintiff's allowance of time within which to bring the action to, perhaps, one day rather than one year. For example, if the plaintiff, having one year in which to file suit, waited until the day before the one-year statute had run and then filed his claim, the statute would run and his claim would be extinguished even though the county commission had ninety days in which to make a decision.
We do not believe the legislature intended such a result, especially in view of § 6-2-12 which appears to us to apply to the statutory prohibition contained in § 6-5-20 (a):
 When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not computed as a part of the limitation time.
This statute expressly excludes that part of the statutory prohibition, i.e., the time period utilized by the county commission under § 6-5-20, up to a period of ninety days. This result follows because the commencement of an action against the county is statutorily prohibited by § 6-5-20 "until the claim has been presented . . . disallowed or reduced by the commission and the reduction refused by the claimant."
Accordingly, in actions against a county the applicable statute of limitations is tolled for that period of time referred to in § 6-5-20 (a), up to a total of ninety days. That is, the interval of time between the presentment of the claim and the time when the county commission disallows or reduces the claim is not computed as a part of the applicable limitation. See generally, Annot., 3 A.L.R.2d 711 (1949). As stated therein at 716:
 As a general rule the statute of limitations does not begin to run until the claimant has a cause of action, and a *Page 930 
claimant has no cause of action until he is free to bring suit on his claim.
As we stated at the beginning of this opinion we are reviewing the grant of a motion to dismiss. The well-understood position of an appellate court reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief. Rule 12, ARCP, and commentary.
The plaintiff has alleged an injury which occurred on July 18, 1977. The one-year statute began to run against her cause of action on that date, and ordinarily would have operated to preclude her cause of action on July 18, 1978. She alleged that her claim was filed with the county commission on June 29, 1978. On that date the running of the statute was tolled. Then she alleged that within the ninety days next preceding the filing of her complaint the commission notified her of its disallowance. Under those allegations if the commission had waited until the expiration of ninety days to disallow, or September 28, 1978, still the plaintiff would have had until October 17, 1978, to file her action because the interval of time between June 29, 1978 and July 18, 1978 would be applied to the remaining time under the statute of limitations of one year. She alleged that her action was filed on October 5, 1978. Coupling that allegation with the others it is possible that she could prove that the commission's denial, even if it occurred in less than ninety days, nevertheless took place on a date "within the ninety days next preceding the filing of the complaint" which preceded the expiration of the limitation period. Those allegations, if proved, would be sufficient upon which to base compliance with the statute of limitations.
Accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.