ALMON, Justice.
Jessie and Elizabeth Johnson appeal from a judgment dismissing their tort action against Macon County on the grounds it was barred by the one-year statute of limitations.
According to the complaint, Jessie Johnson, on the evening of January 22, 1981, parked his car on the shoulder of Macon County Highway No. 19 to determine whether he had a flat tire. When he walked around the side of his car, he fell off the shoulder and down a steep embankment into a deep concrete culvert, where he remained overnight. The highway shoulder was not marked with any sign, warning or guardrail. As a result of this fall, Jessie sustained severe back and arm injuries. On January 21, 1982, Jessie and his wife Elizabeth filed a claim against Macon County in the office of the Macon County Commission, in accordance with Code 1975, *158 § 11-12-8, alleging that the County’s negligent maintenance of a public highway resulted in permanent injuries to Jessie and loss of consortium to his wife Elizabeth. The Johnsons amended this claim on January 22, 1982, to itemize their damages. On March 8, 1982, the Macon County Commission denied their claim as amended, and the Johnsons filed suit against the County on April 9, 1982. The County filed a motion to dismiss the complaint based upon the one-year statute of limitations. On February 1, 1983, the circuit court dismissed the complaint, and the Johnsons filed notice of appeal to this Court.
Although the Johnsons' complaint against the County for negligent maintenance of a public highway is governed by Code 1975, § 6-2-39(a)(7), which requires commencement of the action within one year after the tortious event occurs, the administrative prerequisites to this action complicate the computation of this period. Because Code 1975, § 6-5-20, requires that an action may not be commenced against a county until the claim is first presented to and denied by the county commission,[1] the time period between presentment and denial is not computed as a part of the limitation time, in accordance with Code 1975, § 6-2-12. Construing these statutes in pari materia, this Court held in Jones v. Lee County Commission, 394 So.2d 928 (Ala.1981), that in actions against a county the applicable statute of limitations is tolled for the interval of time between presentment and denial of the claim.
The computation rule enunciated in Jones necessarily controls the outcome of the case at bar. The one-year statute began to run against the Johnsons’ claim on January 22, 1981, the date on which the tortious act allegedly occurred. The statute would ordinarily have precluded their cause of action on January 22, 1982, but the statute stopped running on the day before its expiration, January 21, 1982, the date of claim presentment. The statute began running again on March 8, 1982, the date of claim denial, and because only one day remained outstanding on the statutory period, the period elapsed on March 9,1982. The Johnsons’ complaint, which was not filed until April 9, 1982, was therefore barred by the one-year statute of limitations.
The judgment of the circuit court dismissing the Johnsons’ action against Macon County is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.

. A claim is deemed automatically denied if the commission fails to formally deny the claim within 90 days of presentment.