Joseph R. Groeschner was severely and permanently injured in an automobile accident on the Dauphin Island Bridge in Mobile County on March 22, 1985. On October 16, 1985, Groeschner filed a verified statement of claim with the Mobile County Commission, seeking compensation from the county for injuries he sustained in the accident. In the statement of claim, Groeschner contended that the accident occurred when a Mobile County sheriff's deputy, who had stopped a motorist in the southbound emergency lane on the bridge, returned his car to the road. As Groeschner approached in the northbound lane, the deputy drove his vehicle into the southbound lane of traffic. A motorist traveling in the southbound lane swerved into the northbound lane to avoid the deputy's vehicle, and collided head-on with Groeschner.
Groeschner received a response from the county's insurance adjuster on February 3, 1986, stating that the insurance company's investigation into the accident found no negligence on the part of the county and that all claims arising from the accident were denied. On February 6, 1986, Groeschner died in a fire at his residence. Later that same day, a complaint alleging negligence was filed in circuit court against the county, the sheriff's department, and the sheriff's deputy, seeking damages for the injuries Groeschner sustained in the automobile accident. The trial court granted the defendants' motion for summary judgment on June 27, 1986.
The appellant[1] contends that Groeschner's compliance with Code 1975, § 6-5-20, by presenting his claim to the county commission is sufficient to constitute a filing within the meaning of the Alabama survival statute, Code 1975, § 6-5-462, so that Groeschner's claim arising from the automobile accident survives in favor of his personal representative. The appellant, while recognizing that § 6-5-462 does not allow for survival of a tort claim in favor of the personal representative where no action had been filed by the decedent, submits that in this case Groeschner took appropriate action prior to his death to allow survival of his claim.
Groeschner's claim was presented to the county commission pursuant to Code 1975, § 6-5-20. Subsections (a) and (b) of §6-5-20 provide:
 "(a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.
 "(b) The failure or refusal of such a county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance."
Section 6-5-20 prevented Groeschner from filing suit against the county until his claim had been presented to and denied by the county commission. Johnson v. Macon County, 447 So.2d 157
(Ala. 1984); Jones v. *Page 72 Lee County Commission, 394 So.2d 928 (Ala. 1981). The claim was deemed to be disallowed when the county commission failed to disallow the claim for 90 days after the claim was presented. Thus, Groeschner was free to bring suit on his claim any time after January 14, 1986, the date on which his claim was deemed disallowed. Groeschner had clearly presented his claim within the limitations period prescribed by Code 1975, § 11-12-8, which provides that "[a]ll claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred. . . ."
Section 11-12-8, which bars claims against the county not presented within 12 months from the time they accrue, is actually a statute of nonclaim. In Rice v. Tuscaloosa County,242 Ala. 62, 66, 4 So.2d 497, 499 (1941), the Court discussed Code 1923, § 228, the predecessor to Code 1975, § 11-12-8, as follows: "One purpose of the statute of nonclaim and the fixing of the twelve month period within which claims against a county can lawfully be presented is to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, growing out of occurrences in the too distant past." The limitations period provided by Code 1975, §11-47-23, for claims against a municipality "has been construed to be not merely a statute of limitation but a statute of nonclaim similar to the probate nonclaim statute." Ivory v.Fitzpatrick, 445 So.2d 262, 264 (Ala. 1984). Similarly, §11-12-8, relating to claims against a county, is a statute of nonclaim.
The statutory requirement of presenting a claim to the county commission is a condition precedent to the maintenance of a lawsuit against the county. Williams v. McMillan,352 So.2d 1347 (Ala. 1977). Groeschner met this condition. As we have already noted, Groeschner's claim was deemed disallowed by the county commission on January 14, 1986. Code 1975, § 6-5-20(b). However, we find no requirement in § 6-5-20 or in § 11-12-8
that Groeschner immediately file suit upon the denial of his claim by the county commission.
The situation presented by the facts in this case is peculiar. Groeschner had taken appropriate action to meet the requirement that he first present his claim to the county commission before filing suit against the county; yet the Alabama survival statute, Code 1975, § 6-5-462, appears to preclude the claim as one upon which no action has been filed because Groeschner died before the action was actually filed in court. Under the particular facts of this case, and having considered the interaction between the statutory provisions involved, we hold that Groeschner commenced an action against the county when he complied with the provisions of § 6-5-20.
Accordingly, the judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and HOUSTON*, JJ., concur.
[1] Death having been suggested of record, A.R. App.P. 43 requires revival in the name of the personal representative.
* Although Justice Houston did not sit at oral argument, he has listened to the tape of oral argument and has studied the record and briefs.