SHORES, Justice.
James A. Chumney was involved in a single-vehicle automobile accident on Houston County Road 28; the accident occurred when he approached a sharp curve in the road for which there was no warning sign or signal. Chumney sued Houston County, alleging that his accident and resulting injuries had been caused by negligence or wantonness on the part of the County. Specifically, Chum-ney alleged that the County negligently or wantonly failed to erect or to properly maintain road signs warning of the curve. The circuit court dismissed Chumney’s complaint, with prejudice, for failure to give the Houston County Commission notice of the claim within the one-year period provided by Ala. Code 1975, § 11-12-8. Chumney appealed.
Chumney argues that the statutory requirement that notice of a claim be given to a county within one year after it accrues conflicts with the statute of limitations. Chum-ney also argues that, although the purpose for that requirement may have been valid once, it is “ludicrous” to maintain that the purpose is still valid.
In Groeschner v. Mobile County, 512 So.2d 70, 72 (Ala.1987), we restated with approval the purpose of § 11-12-8, which is “to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, growing out of occurrences in the too distant past.” We held in Groeschner that the statutory requirement that a claim be presented to the county commission was a condition precedent to the maintenance of an action against the county. 512 So.2d at 72. In Garner v. Covington County, 624 So.2d 1346, 1354 (Ala.1993), we recently acknowledged the legislature’s power to pass laws regulating municipal and county liability.
 “Section 11-12-8, which bars claims against the county not presented within 12 months from the time they accrue, is actually a statute of nonclaim.” Groeschner, 512 So.2d at 72. The motivation behind the creation of a statute of nonclaim in addition to a statute of limitations was to provide county governments with a broader defense than that provided by the statute of limitations, to bar not only remedies but also to extinguish debts and liabilities. Ivory v. Fitzpatrick, 445 So.2d 262, 264 (Ala.1984). Statutes of nonclaim and statutes of limitations “are separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse.” Ivory v. Fitzpatrick, 445 So.2d at 264, quoting Yniestra v. Tarleton, 67 Ala. 126 (1880).
Because statutes of limitations and statutes of nonclaim are different in both *1330 purpose and scope, we find no conflict. We hold that the purpose behind statutes of non-claim is still valid. Because Chumney failed to comply with Ala.Code 1975, § 11-12-8, which imposes a condition precedent to maintaining an action against the county, his complaint was properly dismissed.
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
HORNSBY, C.J., and STEAGALL, INGRAM and COOK, JJ., concur.