PER CURIAM.
Wade Allen Hutchins and Tina Marie Crowder (hereinafter collectively referred to as “the plaintiffs”) appeal from the trial court’s judgment dismissing Service Corporation International (“SCI”) from the underlying action. We reverse and remand.

Facts and Procedural History

On June 3, 2004, the plaintiffs sued SCI and its subsidiary, SCI Alabama Funeral Services, Inc. (“SCI Alabama”), alleging *1164 negligence and/or wantonness, trespass on the case, and the tort of outrage. In addition, Hutchins alleged breach of contract against SCI Alabama. All the claims were related to the services provided by SCI Alabama and SCI in connection with the funeral and burial of the plaintiffs’ father.
On July 26, 2004, SCI and SCI Alabama filed a joint answer to the complaint. One of the affirmative defenses asserted in the answer was that the “[plaintiffs’ claims are subject to arbitration and must be pursued, if at all, in arbitration rather than in court, and for this reason [plaintiffs’ claims are due to be dismissed or stayed.”
On July 27, 2004, the plaintiffs filed an application for the entry of a default judgment against SCI and SCI Alabama based on their alleged failure to “plead, answer or otherwise defend” the case. The trial court granted the plaintiffs’ application for entry of default on August 5, 2004. On August 6, 2004, SCI and SCI Alabama filed a motion to dismiss the action and to compel arbitration. On August 12, 2004, SCI and SCI Alabama moved to set aside the default judgment. On August 18, 2004, the trial court granted the motion to set aside the default judgment and recognized that the motion to dismiss and to compel arbitration “remains pending this Court’s ruling.”
The entire argument set forth in the motion to dismiss and to compel arbitration was SCI and SCI Alabama’s contention that the plaintiffs should be compelled to arbitrate all of their claims against SCI and SCI Alabama. The motion requested the following relief:
“[SCI and SCI Alabama] respectfully request this Honorable Court to dismiss [plaintiffs’ claims or in the alternative, enter an order compelling arbitration in accordance with the contract executed by the parties. Plaintiffs’ claims are due to be dismissed or, in the alternative, arbitrated and stayed. Dismissal is proper when claims are due to be arbitrated. See Ex parte Colquitt, 808 So.2d 1018, 1022 (Ala.2001); see also Ameriquest [Mortgage Co.] v. Bentley, [851 So.2d 458] (Ala.2002); Hurst v. Tony Moore [Imports], Inc., 699 So.2d 1249 (Ala.1997).
“WHEREFORE, PREMISES CONSIDERED, Defendants SCI Alabama and [SCI] respectfully request this Honorable Court to dismiss [plaintiffs’ complaint or, in the alternative, stay this action and order this matter to binding arbitration.”
(Capitalization in original.) The plaintiffs responded to this motion on January 19, 2005. The only issue addressed in the response was whether the plaintiffs should be compelled to arbitrate their claims. SCI and SCI Alabama replied to the plaintiffs’ response on January 21, 2005. This reply also discussed only one issue: whether the plaintiffs should be compelled to arbitrate their claims. It requested that the trial court “dismiss [plaintiffs’ complaint oi', in the alternative, stay this action and order this matter to binding arbitration.”
On January 24, 2005, the trial court entered an order, holding that “this action is hereby stayed and [SCI and SCI Alabama’s] motion to compel arbitration should be granted.”
On February 22, 2005, the plaintiffs filed a “motion to alter, amend, or vacate” the order compelling arbitration or, in the alternative, “to reconsider.” This motion argued that the trial court’s order compelling arbitration of the plaintiffs’ claims was contrary to prior decisions of this Court.
On March 25, 2005, the trial court entered a second order, which held that SCI and SCI Alabama’s “motion to dismiss is *1165 hereby granted as to [SCI] only. Accordingly, SCI ... is herein dismissed from this ... action and the court’s pi’evious order compelling arbitration of this matter remains in effect as to the remaining parties.”
On April 13, 2005, the trial court entered a “revised order,” which provided:
“[T]he court’s order heretofore entered on January 24, 2005, is hereby set aside and [SCI and SCI Alabama’s] motion to dismiss is hereby granted as to [SCI] only. Accordingly, SCI ... is herein dismissed, without prejudice, from this ... action.
“With regard to remaining defendant SCI Alabama, the court herein grants [SCI Alabama’s] previously filed motion to compel arbitration.”
Therefore, under this order, the trial court dismissed all claims against SCI without sending them to arbitration, and SCI Alabama remained a party to the action, all claims against it were sent to arbitration, and the proceedings in the trial court were stayed.
On May 11, 2005, the plaintiffs filed a notice of appeal to this Court. On October 27, 2006, this Court remanded the case to the trial court for a determination as to whether (1) to certify the interlocutory order of April 13, 2005, as a final judgment under Rule 54(b), Ala. R. Civ. P.; (2) to adjudicate the remaining claims against SCI Alabama, thus making the interlocutory order final and appealable; or (3) to hold the parties to their concessions in their appellate briefs or take no action, in either of which events the appeal would be dismissed as being from a nonfinal judgment. On November 7, 2006, the trial court certified the interlocutory order of April 13, 2005, as a final judgment under Rule 54(b), Ala. R. Civ. P.

Standard of Review

It is unclear upon what ground the trial court based its dismissal of the plaintiffs’ claims against SCI. Nevertheless, this Court has held:
“On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala.1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).

Discussion

In the plaintiffs’ principal brief on appeal, they argue that their claims against SCI are not subject to arbitration and that the trial court erred in dismissing the *1166 claims against SCI.[1] However, the plaintiffs indicate in their reply brief that they are willing to arbitrate their claims against SCI if this Court finds that the trial court erred in dismissing SCI from the action rather than ordering that the plaintiffs’ claims against SCI be arbitrated.
In its brief to this Court, SCI appears to misconstrue the trial court’s order because SCI states that “because the [plaintiffs’ claims against [SCI] are subject to arbitration, the trial court’s order dismissing those claims is due to be affirmed.” (SCI’s brief, at 9.) However, the trial court’s order did not state that the claims against SCI are subject to arbitration. Instead, the order simply dismissed those claims altogether. Also, SCI “request[s] that this Court affirm the April 13, 2005, order of the trial court and order [plaintiffs to submit to arbitration as to both Defendant [SCI] and SCI Alabama.” (SCI’s brief, at 14.) Again, the trial court’s April 13, 2005, order did not order the plaintiffs to submit their claims against SCI to arbitration; thus, this Court cannot affirm a holding of the trial court that does not exist.
No basis for the dismissal of SCI from the action independent of arbitration was presented to the trial court, and the trial court did not in its order offer any basis for refusing to entertain the plaintiffs’ complaint against SCI. In fact, the above-referenced statements from SCI’s brief appear to concede that SCI should not be dismissed from the action unless the claims against it are ordered to arbitration. Therefore, we conclude that the trial court erred in dismissing the claims against SCI.
SCI also briefly argues on appeal that a dismissal, as distinguished from a stay, is proper when the claims against the party are due to be arbitrated. However, it appears that the trial court never reached this specific issue because the trial court’s final order did not compel arbitration of the claims against SCI. Instead, the order simply dismissed SCI from the action. We recognize that this Court has stated that “[a] trial court is required to stay or dismiss proceedings and to compel arbitration if the parties have entered into a valid contract containing an arbitration agreement.” Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458, 462 (Ala.2002). This Court has also held that a tidal court exceeds its discretion by dismissing rather than staying proceedings pending arbitration if the dismissal creates “a real potential for injustice.” Johnson v. Jefferson County Racing Ass’n, 1 So.3d 960, 970 (Ala.2008). Nevertheless, in the present case, it appears that the trial court did not consider whether a stay, rather than a dismissal, would be prudent pending a decision by the arbitrator because there is no indication in the trial court’s order that the court envisioned the plaintiffs’ claims against SCI being decided by an arbitrator. Therefore, at this time, we will not decide whether a dismissal rather than a stay would be the appropriate relief pending arbitration of the claims against SCI. The trial court should, within its discretion, consider this issue on remand.

Conclusion

We reverse the trial court’s order dismissing the claims against SCI without prejudice and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*1167 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. The plaintiffs state in their brief that they "do not raise any issue on appeal with respect to SCI Alabama.” (Plaintiffs' brief, at 11.)