DONALDSON, Judge.
Generally, a party is entitled to notice and an opportunity to be heard before a motion to dismiss the party’s complaint is granted. See Rule 78, Ala. R. Civ. P.; see also Burgoon v. Alabama State Dep’t of Human Res., 835 So.2d 131, 133 (Ala.2002); and Grant v. Grant, 57 Ala.App. 196, 326 So.2d 758, 759 (1976). In this case, we reverse the dismissal of a complaint because the party who filed the complaint was not provided with the opportunity to be heard.
*508 Sharon Chancellor (“the mother”) appeals from the Geneva Circuit Court’s (“the trial court”) dismissal of her complaint seeking to enforce and to modify a child-support judgment against Siran Stacy (“the father”). On April 22, 2015, the mother filed a complaint for contempt and modification in the trial court. The trial-court clerk docketed the case as case no. DR-03-70.05. In the complaint, the mother alleged that on September 27, 2007, the trial court had entered a judgment ordering the father to pay $701 per month in child support for the benefit of the parties’ five minor children. The mother alleged that the father had failed to pay the court-ordered child support and that the father owed an arrearage of $65,482. The mother further alleged that there had been a material change in circumstances because the children’s needs had increased and that the father had an increase in his ability to pay an additional amount of support.
On July 19, 2015, the father was served with a copy of the summons and complaint. On August 18, 2015, the father, without counsel, filed an answer in the trial court, which the mother and the trial court have characterized as a motion to dismiss, in which he denied owing any child-support arrearage. The father asserted that in January 2015 he had appeared in the trial court for a hearing in case no. DR-03-70.04, another child-support matter filed by the mother, that the mother had not appeared at that hearing, and that the trial court had ruled that he did not owe any child-support arrearage. The father attached to his answer two court orders entered in trial-court case no. DR-03-70.04. The first order, entered by the trial court on November 6, 2014, set the father’s child-support obligation at $701 per month, which is the same amount that the mother claimed in her complaint the father was initially ordered to pay in September 2007. The November 6, 2014, order further stated that the father owed no arrearage on his child-support obligation. The second order, entered on January 28, 2015, directed the father to make child-support payments directly to the mother instead of to the Department of Human Resources and allowed the Department of Human Resources to withdraw from case no. DR-03-70.04. The father did not include a certificate of service indicating that he had served a copy of his answer on counsel for the mother.
On August 25,2015, seven days after the father’s answer was filed, the trial court entered an order dismissing the mother’s complaint. As noted earlier, the trial court construed the father’s answer as a motion to dismiss predicated on the doctrine of res judicata; the trial court’s order specifically stated “The Motion to Dismiss filed by [the father] is hereby granted based upon the theory of res judicata. Court costs are hereby taxed against the [mother].”
On September 23, 2015, the mother filed a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P. In her motion, the mother asserted that the trial court had erroneously dismissed the case with prejudice before the mother had had an opportunity to respond to the father’s answer, which, as noted, the mother and the trial court have characterized as a motion to dismiss, and without having held a hearing. The mother further asserted that “the claims contained in the petition for a modification and an increase in child support has [sic] never been heard by this Court.” She also argued that child-support claims and related issues cannot be disposed of on the basis of res judicata. She also asserted:
“The court has never allowed any testimony or evidence regarding the issues *509 raised in the petition for modification. In addition, the [father] did not even address the issue of [the mother’s] seeking an increase in child support in his response- filed with the court. The [mother] is in need of additional child support in order to properly care for the children.”
On September 24, 2015, the trial court entered an order denying the mother’s postjudgment motion and stated as follows: “The motion to vacate or modify filed by [the mother] is hereby denied. Please refer to Judge Smith’s Final Order issued on these issues of modification and contempt dated November 6, 2014, filed in [case no. DR-03-70.04].” On September 25, 2015, the mother filed her notice of appeal.
A trial court’s dismissal of a complaint is not entitled to a presumption of correctness. See Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)(citing Jones v. Lee Cty. Comm’n, 394 So.2d 928, 930 (Ala.1981)).
On appeal, the mother argues that the trial court erred in dismissing her complaint without affording her an opportunity to be heard, in dismissing her complaint on the basis of res judicata, and in failing to conduct a hearing on her postjudgment motion. The father did not file an appellate brief.
We first address the mother’s argument that the trial court should not have dismissed her complaint without providing the mother with an opportunity for a hearing. The mother frames her argument by referring to the father’s answer raising the doctrine of res judicata as a motion to dismiss her complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6), Ala. R. Civ. P. We note that a motion to dismiss raising the doctrine of res judicata is appropriately treated as motion to dismiss pursuant to Rule 12(b)(6) only if the basis for the motion is apparent from the face of the complaint. Ex parte Scannelly, 74 So.3d 432, 438-39 (Ala.2011). If matters outside the pleadings are considered, then a request to dismiss a complaint on res judica-ta grounds should be addressed in summary judgment proceedings under Rule 56, Ala. R. Civ. P. Id.; CAG MLG, L.L.C. v. Smelley, 163 So.3d 346 (Ala.2014). The mother did not, however, argue to the trial court that the doctrine of res judicata could not be raised in the father’s answer, which she asserts was a Rule 12(b)(6) motion, because matters outside the complaint formed the basis of the motion, and she does not raise this issue in her brief to this court. Further, the mother claims on appeal that the judgment of dismissal should be reversed because the father failed to serve a copy, of his answer on her attorney and because she was not aware of the answer until the entry of the judgment of dismissal. See, e.g., Morris v. Glenn, 154 So.3d 1055, 1058 (Ala.Civ.App.2014) (holding that the failure to comply with the service requirements Rule 5, Ala. R. Civ. P., when filing a motion to dismiss, may result in the vacation of an order entered in response to the motion). Because the mother did not present this argument to the trial court, we cannot revérse the judgment on this basis. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992)(“[An appellate court] cannot consider arguments raised for the first time on appeal; rather, [its] review is restricted to the evidence and arguments considered by the trial court.”). Therefore, we consider only the mother’s argument regarding the propriety of the trial court’s having granted a “motion to dismiss” under Rule 12(b)(6) without having conducted a hearing.
“Under the plain language of [Rule 78, Ala. R. Civ. P.,] and the comments to *510 the rule, a trial court may not grant a motion to dismiss without a hearing, although, in some circumstances, it may deny such a motion.” Burgoon v. State Dep’t of Human Res., 835 So.2d 131, 133 (Ala.2002). In this case, the mother asserted in her postjudgment motion to alter, amend, or vacate the judgment dismissing her complaint, among other things, that the issues she raised had never been considered by the trial court and that she had never been afforded the opportunity to present evidence on the issue of modification of child support. We observe that “a determination of child support is never res judicata and may be modified at any point in the future due to changed circumstances.” Abril v. Mobley, 166 So.3d 697, 700 (Ala.Civ.App.2014)(citing Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App.1990)).
We express no opinion on the merits of the mother’s substantive claims. However, the prior orders of the trial court entered in case no. DR03-70.04 may well affect the ability of the mother to obtain the relief she now seeks, particularly her claim seeking to hold the father in contempt. We also recognize that the father asserted in his answer that he had previously attended a hearing on a complaint for relief filed by the mother at which she did not appear and that the mother’s assertions against him concerning his child-support obligation had caused him to incur unnecessary expenses. Those are matters that the trial court may be called upon to address upon our reversal of its judgment of dismissal and our remand of the case, but we are unwilling to hold that the mother’s entire complaint could be dismissed based solely on the father’s answer, which the mother and the trial court have characterized as a motion to dismiss, without affording the mother an opportunity for a hearing.
Accordingly, we reverse the judgment dismissing the mother’s complaint and remand the case for further proceedings consistent with this opinion. We pretermit a discussion of the mother’s argument regarding the lack of a hearing on her post-judgment motion. The mother’s request for attorney’s fees on appeal is denied.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, with writing.