Rel: May 23, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————————

## SC-2024-0266

————————————————

## Ex parte Opp Health and Rehabilitation, LLC

## PETITION FOR WRIT OF CERTIORARI
## TO THE COURT OF CIVIL APPEALS

## (In re: Rena Meeks

## v.

## Opp Health and Rehabilitation, LLC)

## (Covington Circuit Court: CV-21-900059;
## Court of Civil Appeals: CL-2023-0239)

SC-2024-0266

BRYAN, Justice.

Rena Meeks sued her former employer, Opp Health and Rehabilitation, LLC ("OHR"), seeking workers' compensation benefits. The Covington Circuit Court entered a judgment on the pleadings in favor of OHR, and Meeks appealed to the Court of Civil Appeals. That court reversed the circuit court's judgment and remanded the case. Meeks v. Opp Health & Rehab., LLC, 401 So. 3d 1150 (Ala. Civ. App. 2024). OHR petitioned this Court for a writ of certiorari to review the decision of the Court of Civil Appeals, and we granted the petition. Because the Court of Civil Appeals' decision reversing the circuit court's judgment was based on an argument that was not presented to the circuit court, we reverse and remand.

Facts and Procedural History

OHR operates a nursing home in Covington County, and Meeks worked at the nursing home as a certified nurse's assistant. In May 2021, Meeks sued OHR, seeking workers' compensation benefits under the Alabama Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975. Meeks alleged that she had contracted COVID-19 in June 2020 while working at the nursing home for OHR. She further alleged

2

that, as a result of contracting COVID-19, she had suffered an injury to her lungs and airways that left her permanently disabled under the Act.

OHR filed an answer asserting that Meeks's alleged injury is not compensable under the Act. OHR then moved for a judgment on the pleadings under Rule 12(c), Ala. R. Civ. P., arguing that no genuine issue of material fact existed and that OHR was entitled to a judgment as a matter of law. In its motion, OHR argued at length that no possible set of facts or circumstances exists under which Meeks could recover benefits under the Act based on an injury caused by COVID-19. That is, OHR argued that Meeks, in claiming that her alleged injury caused by COVID-19 is compensable under the Act, had failed to state a claim upon which relief can be granted. Meeks responded to the motion, arguing that COVID-19 is an occupational disease that is compensable under Article 4 of the Act, §§ 25-5-110 through -123, Ala. Code 1975, which concerns compensation for injury or death caused by occupational diseases. That is, Meeks presented a specific theory in support of her workers' compensation claim -- that COVID-19 is an occupational disease under the Act. The circuit court held a hearing on OHR's motion for a judgment on the pleadings. Although Meeks had argued in her response to that

3

motion that she had contracted an occupational disease under the Act, at the hearing she stated that, "initially, we are not dealing with an occupational disease" but rather "a condition." However, somewhat confusingly, she later at times made arguments using language that seemed to indicate that COVID-19 should be considered an occupational disease under the Act.

The circuit court later entered a judgment on the pleadings in favor of OHR. The circuit court concluded that COVID-19 is not an occupational disease under the Act and that Meeks had also not sustained an injury caused by an accident, as that term is defined by the Act. The circuit court further concluded that that no genuine issue of material fact existed and that OHR was entitled to a judgment as a matter of law. Meeks appealed to the Court of Civil Appeals.

On appeal, Meeks argued that her alleged injury caused by COVID-19 is compensable under the Act as a "nonaccidental injury"; however, Meeks did not present that argument to the circuit court. OHR argued that the Court of Civil Appeals was precluded from considering Meeks's nonaccidental-injury argument because she had not made that argument to the circuit court. For reasons that will be discussed below, the Court

4

of Civil Appeals concluded that it could consider Meeks's newly made nonaccidental-injury argument. That court then considered whether Meeks could possibly prevail on her argument that she had suffered a nonaccidental injury under the Act as a result of contracting COVID-19. Based on Meeks's nonaccidental-injury argument, the Court of Civil Appeals concluded that it was "not prepared to hold that COVID-19 is not compensable under the Act as a matter of law." 401 So. 3d at 1155. In light of her nonaccidental-injury theory, that court further stated that "[t]he facts alleged in Meeks's complaint, if proven, would support a determination that the injuries she alleges she received as a result of contracting COVID-19 are compensable under the Act." Id. Thus, the Court of Civil Appeals reversed the circuit court's judgment and remanded the case for further proceedings.

Standard of Review

"On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court." Ex parte Toyota Motor Corp., 684 So. 2d 132, 135 (Ala. 1996).

<u>Discussion</u>

OHR first argues that the Court of Civil Appeals erred by considering Meeks's argument that her injury caused by COVID-19 is a compensable nonaccidental injury under the Act because, OHR says, that argument was not preserved for appeal. Alternatively, OHR argues that, assuming that Meeks's nonaccidental-injury argument was preserved for appeal, the Court of Civil Appeals erred by concluding that she could maintain a claim under the Act for a COVID-19 injury based on that argument. Because we reverse on the preservation issue, we pretermit discussion of OHR's alternative argument.

Although we do not need to discuss the issue extensively in this case, we note initially that the occupational-disease theory that Meeks raised in the circuit court and the nonaccidental-injury theory that she raised in the Court of Civil Appeals are separate theories of compensability under the Act. The concept of a nonaccidental injury has been developed by caselaw over many years. See <u>Ex parte Trinity Indus., Inc.</u>, 680 So. 2d 262, 266-68 (Ala. 1996) (discussing the development of the nonaccidental-injury theory); <u>see</u> <u>also</u> 1 Terry A. Moore, <u>Alabama Workers' Compensation</u> § 8:12 (2d ed. 2013) (discussing <u>Ex parte Trinity</u>).

The concept of a nonaccidental injury can cause confusion, perhaps partially because it is treated, despite its name, as a unique type of injury caused by an "accident" under Article 3 of the Act, §§ 25-5-50 through -93, Ala. Code 1975, which concerns compensation for injury or death caused by work-related accidents. See Ex parte Trinity, 680 So. 2d at 266 (stating that our caselaw indicates that "the term 'accident arising out of employment' include[s] more than just incidents in which injuries arise from sudden and traumatic external causes"); and Moore at § 8:12 ("Although the use of the term 'nonaccidental injuries' [in Ex parte Trinity] produced later confusion on the issue of legal causation, that term did not signal any change in the law in regard to the treatment of such injuries as accidental injuries within the Act." (footnotes omitted)). Conversely, injury or death caused by an "occupational disease" is compensable under Article 4 of the Act, which concerns compensation for injury or death caused by statutorily defined occupational diseases. See, e.g., City of Hoover v. Phillips, 895 So. 2d 992 (Ala. Civ. App. 2004) (considering whether a firefighter's heart disease was an occupational disease under Article 4 and also considering the firefighter's "alternative

7

theory" that his heart attack was a nonaccidental injury compensable under Article 3).

In concluding that it could consider Meeks's nonaccidental-injury theory on appeal, the Court of Civil Appeals stated:

> "In her complaint, Meeks did not specify whether her claim arose as a result of a nonaccidental injury or because she had contracted an occupational disease. Instead, she asserted only that, while in the line and scope of her employment, she was exposed and diagnosed with COVID-19, resulting in injuries to her lungs and airway. In other words, the complaint was silent as to the type of injury Meeks claimed she had suffered, and the legal theory of compensability she intended to pursue was left open-ended. OHR did not file a motion for a more definite statement under Rule 12(e), Ala. R. Civ. P.
>
> "At this early stage of the litigation, the trial court was bound by the pleadings, Universal Underwriters Ins. Co. [v. Thompson], 776 So. 2d [81,] 83 [(Ala. 2000)].[1]  It was

---

[1]Universal Underwriters provides, in relevant part:

"When a motion for judgment on the pleadings is made by a party, 'the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.' B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So. 2d 989, 991 (Ala. 1992). … If matters outside the pleadings are presented to and considered by the trial court, then the motion for a judgment on the pleadings must be treated as a motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P. Otherwise, in deciding a motion for a judgment on the pleadings, the trial court is bound by the pleadings."

required to accept as true the facts Meeks set forth in her complaint and to view those facts in the light most favorable to her. Harden [v. Ritter], 710 So. 2d [1254,] 1255-56 [(Ala. Civ. App. 1997)]. OHR cites no authority for the proposition that, to survive a motion for a judgment on the pleadings, Meeks had to assert every possible legal theory pursuant to which the facts alleged would be compensable. Thus, we will consider the merits of the judgment, that is, whether the pleadings themselves demonstrate that no genuine issue of material fact was presented and that OHR was entitled to a judgment according to the law. Universal Underwriters Ins. Co., 776 So. 2d at 82."

401 So. 3d at 1153.

Appellate courts in Alabama "cannot consider arguments advanced for the purpose of reversing the judgment of a trial court when those arguments were never presented to the trial court for consideration …." State Farm Mut. Auto. Ins. Co. v. Motley, 909 So. 2d 806, 821 (Ala. 2005). See also Yellow Dog Dev., LLC v. Bibb Cnty., 871 So. 2d 39, 41 (Ala. 2003) (stating that "this Court will not 'reverse a trial court's judgment based on arguments not presented to the trial court ….'") (citation omitted)). But see Ryals v. Lathan Co., 77 So. 3d 1175, 1179 (Ala. 2011) (observing that a court's "[l]ack of subject-matter jurisdiction may be raised at any

---

776 So. 2d at 82-83.

9

time by a party or by a court ex mero motu"). In this case, because Meeks's nonaccidental-injury argument was never presented to the circuit court, the Court of Civil Appeals erred by considering that argument as a ground for reversal.

The fact that the circuit court entered a judgment on the pleadings under Rule 12(c) does not alter the principle requiring an appellant to preserve arguments for appeal. In moving for a judgment on the pleadings, OHR argued that Meeks had failed to state a claim on which relief can be granted under the Act. "'[A] defense of failure to state a claim upon which relief can be granted, although typically raised pursuant to Rule 12(b)(6)[, Ala. R. Civ. P.,] can be raised after an answer has been filed by moving for a judgment on the pleadings' under Rule 12(c)." Hall v. Environmental Litig. Grp., P.C., 248 So. 3d 949, 956 (Ala. 2017) (quoting Pontius v. State Farm Mut. Auto. Ins. Co., 915 So. 2d 557, 562 (Ala. 2005)). See also Rule 12(h)(2), Ala. R. Civ. P. (concerning the waiver and preservation of defenses and providing that "[a] defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), [Ala. R. Civ. P.,] or by motion for judgment on the pleadings, or at the trial on the merits").

In the context of appeals from judgments of dismissal under Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief can be granted, Alabama appellate courts have routinely applied the principle that a reviewing court may not consider an appellant's argument for reversal raised for the first time on appeal. See, e.g., Roberson v. Drummond Co., [Ms. SC-2022-0863, Feb. 9, 2024] ___ So. 3d ___ (Ala. 2024); Sullivant v. Sullivan, 976 So. 2d 991, 995 (Ala. 2007); Marks v. Tenbrunsel, 910 So. 2d 1255, 1263 (Ala. 2005); Chancellor v. Stacy, 209 So. 3d 507, 509 (Ala. Civ. App. 2016); Drees v. Turner, 45 So. 3d 350, 359 (Ala. Civ. App. 2010); and Singer Asset Fin. Co. v. Connecticut Gen. Life Ins. Co., 975 So. 2d 375, 382 (Ala. Civ. App. 2007). In this case, although the judgment was entered pursuant to the less commonly used Rule 12(c), appellate review of the judgment of dismissal for failure to state a claim upon which relief can be granted is subject to this same principle.

Roberson, supra, is illustrative. In Roberson, the Robersons sued Drummond Company, alleging, in relevant part, a claim for indemnification. Drummond filed a Rule 12(b)(6) motion to dismiss the indemnification claim, the Robersons filed a response to that motion, and

11

the trial court held a hearing on the motion. The trial court later granted the motion to dismiss the indemnification claim. The Robersons moved the trial court to reconsider the motion to dismiss, making certain arguments in support of their indemnification claim. The trial court declined to set aside the dismissal, and the Robersons appealed. On appeal, the Robersons made multiple arguments attempting to demonstrate that they had alleged a viable indemnification claim. Among those arguments was their argument that they had alleged facts in their complaint "supporting court-ordered indemnification under the Alabama Business and Nonprofit Entity Code ('the ABANEC'), § 10A-1-1.01 et seq., Ala. Code 1975." Roberson, ___ So. 3d at ___. However, this Court refused to consider that argument because it was never presented to the trial court.

In concluding that the Robersons had failed to preserve their argument for appellate review, the Court in Roberson made observations that are relevant here:

> "[T]he Robersons contend that they preserved their claim for court-ordered indemnification simply by alleging facts that they say were sufficient to invoke the theory. They rely on this Court's statement that, '"'if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not

12

be dismissed.'"' Roberson v. Balch & Bingham, LLP, 358 So. 3d 1118, 1126 (Ala. 2022) (citations omitted). But the Robersons conflate the requirements for sufficiently pleading a claim with the requirements for preserving for appeal a basis for reversing an order dismissing a claim. To preserve a basis for reversing an order dismissing a claim, a plaintiff must bring that basis to the trial court's attention either in response to the motion to dismiss or in a postjudgment motion. Allowing a plaintiff to assert a basis for reversal for the first time on appeal so long as it satisfied the requirements for sufficient pleading would violate basic principles of appellate procedure."

Roberson, ___ So. 3d at ___.

In concluding that it could consider Meeks's newly made nonaccidental-injury argument, the Court of Civil Appeals observed that "the legal theory of compensability she intended to pursue was left open-ended" in her complaint. 401 So. 3d at 1153. However, regardless of Alabama's liberal pleading standard, see Rule 8(a) and (f), Ala. R. Civ. P., an appellant is not allowed to argue a new legal theory for the first time on appeal. Like the situation in Roberson, it appears that the Court of Civil Appeals "conflate[d] the requirements for sufficiently pleading a claim with the requirements for preserving for appeal a basis for reversing an order dismissing a claim." ___ So. 3d at ___. As in Roberson, our "basic principles of appellate procedure" precluded the

13

Court of Civil Appeals from considering Meeks's argument for reversal raised for the first time on appeal. ___ So. 3d at ___.

Conclusion

Because the Court of Civil Appeals' judgment reversing the circuit court's judgment was based on an argument that was not presented to the circuit court, we reverse the Court of Civil Appeals' judgment and remand the case for proceedings consistent with this opinion. Because we are reversing the judgment on the preservation issue, we pretermit discussion of OHR's alternative argument for reversal.

REVERSED AND REMANDED.

Stewart, C.J., and Shaw, Wise, Sellers, Mendheim, Cook, and McCool, JJ., concur.

Lewis, J., recuses himself.